```
 1 │ Daniel J. Navigato, Esq. (SB# 164233)
   │ Michael W. Battin, Esq. (SB# 183870)
 2 │ Travis M. Bray, Esq. (SB# 235763)
   │ Adam J. Yarbrough, Esq. (SB# 247687)
 3 │ NAVIGATO & BATTIN LLP
   │ 755 West A Street, Suite 150
 4 │ San Diego, California 92101
   │ Telephone (619) 233-5365
 5 │ Facsimile (619) 233-3268
   │
 6 │ Attorneys for Defendants SMS.AC, INC. dba FANBOX,
   │ MICHAEL POUSTI, and BRANDIE WILLIAMS SMITH
 7 │
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROSE, ALEXANDRA FONDREN, GHODSI ANN GHASHGHAEE, and PATRICK WILLIAMS,<br><br>  Plaintiffs,<br><br>vs.<br><br>SMS.AC, INC. dba FANBOX, a California Corporation; MICHAEL POUSTI, an individual; BRANDIE WILLIAMS SMITH, an individual; KEN SMITH, an individual; AMY TAYLOR, an individual; BRIEANNE PEDERSEN, an individual; and DOES 1 through 50 inclusive,<br><br>  Defendants. | CASE NO. **'10 CV 2163 DMS AJB**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendants SMS.AC, INC. dba FANBOX, MICHAEL POUSTI, and BRANDIE WILLIAMS SMITH hereby remove to this Court the state court action described below.

1. On August 24, 2010, an action was commenced in the Superior Court of California in and for the County of San Diego, entitled Rose, et al. v. SMS.ac, Inc., et al., as case number 37-2010-00098799-CU-OE-CTL. The complaint is attached hereto as Exhibit "A".

1      2.     The first date upon which a defendant was served was September 18, 2010, when defendant SMS.AC, INC. dba FANBOX was served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto as Exhibit "B".

    3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under federal law, specifically the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

    4.     Defendants KEN SMITH, AMY TAYLOR, and BRIEANNE PEDERSEN have not been served with Summons and complaint. All of the defendants that have been served with Summons and complaint are joined in bringing this Notice of Removal.

DATED: October 15, 2010          NAVIGATO & BATTIN, LLP

                                                           s/Michael Battin
                                         Attorneys for Defendants SMS.AC, INC. dba FANBOX, MICHAEL POUSTI, and BRANDIE WILLIAMS SMITH
                                         E-mail: mike@navbat.com

RX Date/Time 2010/09/20 12:26 16198393526 P.030
08/20/2010 12:43 16198393526 SMS.AC PAGE 30/35

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):* Harvey C. Berger / Helen Y. Liu  102973/248849<br>POPE, BERGER & WILLIAMS, LLP<br>3555 Fifth Avenue, Suite 300<br>San Diego, California 92103<br>TELEPHONE NO.: 619/595-1366   FAX NO.: 619/236-9677<br>ATTORNEY FOR *(Name):* Plaintiffs | | **FOR COURT USE ONLY**<br><br>FILED<br>2010 AUG 24  A 8:49<br>...CA |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: HALL OF JUSTICE | | |
| CASE NAME: ROSE v SMS.AC | | |
| **CIVIL CASE COVER SHEET** [X] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | **Complex Case Designation** [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 37-2010-00098799-CU-OE-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   - [ ] Auto (22)
   - [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - [ ] Asbestos (04)
   - [ ] Product liability (24)
   - [ ] Medical malpractice (45)
   - [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - [ ] Business tort/unfair business practice (07)
   - [ ] Civil rights (08)
   - [ ] Defamation (13)
   - [ ] Fraud (16)
   - [ ] Intellectual property (19)
   - [ ] Professional negligence (25)
   - [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   - [ ] Wrongful termination (36)
   - [X] Other employment (15)

   **Contract**
   - [ ] Breach of contract/warranty (06)
   - [ ] Rule 3.740 collections (09)
   - [ ] Other collections (09)
   - [ ] Insurance coverage (18)
   - [ ] Other contract (37)

   **Real Property**
   - [ ] Eminent domain/Inverse condemnation (14)
   - [ ] Wrongful eviction (33)
   - [ ] Other real property (26)

   **Unlawful Detainer**
   - [ ] Commercial (31)
   - [ ] Residential (32)
   - [ ] Drugs (38)

   **Judicial Review**
   - [ ] Asset forfeiture (05)
   - [ ] Petition re: arbitration award (11)
   - [ ] Writ of mandate (02)
   - [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   - [ ] Antitrust/Trade regulation (03)
   - [ ] Construction defect (10)
   - [ ] Mass tort (40)
   - [ ] Securities litigation (28)
   - [ ] Environmental/Toxic tort (30)
   - [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - [ ] RICO (27)
   - [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   - [ ] Partnership and corporate governance (21)
   - [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 23, 2010

Helen Y. Liu, Esq.
(TYPE OR PRINT NAME)                                  ▶ /s/ Helen Y. Liu
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                              Cal. Standards of Judicial Administration, std. 3.10
                                                              www.courtinfo.ca.gov

ROSE 5182

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                               **CIVIL CASE COVER SHEET**                                          Page 2 of 2

ROSE 5182

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7054 | |
| PLAINTIFF(S) / PETITIONER(S): Christopher Rose et al. | |
| DEFENDANT(S) / RESPONDENT(S): SMS.AC Inc et.al. | |
| ROSE VS. SMS.AC INC | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2010-00098799-CU-OE-CTL |

Judge: William R. Nevitt, Jr.     Department: C-64

COMPLAINT/PETITION FILED: 08/24/2010

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00098799-CU-OE-CTL      CASE TITLE: Rose vs. SMS.AC Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev 12-06)                                                                                                             Page 1

1

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case, request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Christopher Rose et al | |
| DEFENDANT(S): SMS.AC Inc DBA Fanbox et al. | |
| SHORT TITLE: ROSE VS. SMS.AC INC | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS** (CRC 3.221) | CASE NUMBER: 37-2010-00098799-CU-OE-CTL |

Judge: William R. Nevitt, Jr.                                    Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program           ☐ Court-Ordered Nonbinding Arbitration
☐ Private Neutral Evaluation                 ☐ Court-Ordered Binding Arbitration (Stipulated)
☐ Private Mini-Trial                         ☐ Private Reference to General Referee
☐ Private Summary Jury Trial                 ☐ Private Reference to Judge
☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration
☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)
_____
_____

Alternate: (mediation & arbitration only) _____

Date: _____                          Date: _____

_____                  _____
Name of Plaintiff                              Name of Defendant

_____                  _____
Signature                                      Signature

_____                  _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____                  _____
Signature                                      Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 08/24/2010                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page 1

3

| | |
|---|---|
| 1 | Harvey C. Berger, Esq. (Cal. State Bar No. 102973) |
| 2 | Helen Y. Liu, Esq. (Cal. State Bar No. 248849) |
|   | POPE, BERGER & WILLIAMS, LLP |
| 3 | 3555 Fifth Avenue, Suite 300 |
|   | San Diego, California 92103 |
| 4 | Telephone: (619) 595-1366 |
|   | Facsimile: (619) 236-9677 |

FILED
2010 AUG 24 A 8:49

5  Attorneys for Plaintiffs CHRISTOPHER ROSE,
   ALEXANDRA FONDREN, GHODSI ANN
6  GHASHGHAEE, and PATRICK WILLIAMS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO
## CENTRAL DIVISION – HALL OF JUSTICE

| | |
|---|---|
| CHRISTOPHER ROSE, ALEXANDRA FONDREN, GHODSI ANN GHASHGHAEE, and PATRICK WILLIAMS, | Case No.: 37-2010-00098799-CU-OE-CTL |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SMS.AC, INC. dba FANBOX, a California Corporation; MICHAEL POUSTI, an individual; BRANDIE WILLIAMS SMITH, an individual; KEN SMITH, an individual; AMY TAYLOR, an individual; BRIEANNE PEDERSEN, an individual; and DOES 1 through 50 inclusive, | *(Unlimited Jurisdiction)* |
| Defendants. | |

Plaintiffs CHRISTOPHER ROSE, ALEXANDRA FONDREN, GHODSI ANN GHASHGHAEE, and PATRICK WILLIAMS ("Plaintiffs") allege against Defendants SMS. AC, INC. dba FANBOX ("FANBOX"), MICHAEL POUSTI ("POUSTI"), BRANDIE WILLIAMS SMITH ("WILLIAMS SMITH"), KEN SMITH ("SMITH"), AMY TAYLOR ("TAYLOR"), BRIEANNE PEDERSEN ("PEDERSEN"), and DOES 1 through 50 inclusive (collectively referred to as "Defendants"), as follows:

PLAINTIFFS' COMPLAINT

## I. THE PARTIES AND JURISDICTION AND VENUE ALLEGATIONS

1. Plaintiffs are former employees of Defendants and performed work for Defendants at an office located in the County of San Diego, California, within the jurisdiction of the Central Division.

2. Plaintiffs are informed and believe, and thereon allege, FANBOX is, and at all relevant times was, a corporation organized and existing under and by virtue of the laws of the State of California, registered with the Secretary of State as SMS.ac, Inc., entity number C2283454 on June 26, 2001, has registered the fictitious business name of Fanbox with the Assessor/Recorder/County Clerk on December 12, 2007, and at all relevant times has conducted business in the State of California.

3. Plaintiffs are further informed and believe, and thereon allege, POUSTI is, and at all relevant times was, a natural person residing in the State of California. Plaintiffs are informed and believe, and thereon allege, POUSTI is, and at all relevant times has been, the Chief Executive Officer of FANBOX.

4. Plaintiffs are further informed and believe, and thereon allege, WILLIAMS SMITH is, and at all relevant times was, a natural person residing in the State of California. Plaintiffs are informed and believe, and thereon allege, WILLIAMS SMITH is, and at all relevant times has been, the President of FANBOX.

5. Plaintiffs are further informed and believe, and thereon allege, SMITH is, and at all relevant times was, a natural person residing in the State of California. Plaintiffs are informed and believe, and thereon allege, SMITH is, and at all relevant times has been, the Vice President – Human Resources of FANBOX.

6. Plaintiffs are further informed and believe, and thereon allege, TAYLOR is, and at all relevant times was, a natural person residing in the State of California. Plaintiffs are informed and believe, and thereon allege, TAYLOR is, and at all relevant times has been, the Director of Human Resources of FANBOX.

7. Plaintiffs are further informed and believe, and thereon allege, PEDERSEN is, and at all relevant times was, a natural person residing in the State of California. Plaintiffs are informed

RX Date/Time   2010/09/20   12:20   16198393926   P.005
09/20/2010   12:43   16198393926   SMS.AC   PAGE   05/35

and believe, and thereon allege, PEDERSEN is, and at all relevant times has been, the Chief Operating Officer of FANBOX.

8. Plaintiffs are further informed and believe, and thereon allege, Defendants, and each of them, employed Plaintiffs to perform work, and their work was performed, in the County of San Diego, within the jurisdiction of the Central District. Therefore, Plaintiffs are informed and believe, and thereon allege, that Defendants are subject to the jurisdiction of the State of California, and specifically, that they may be sued on the claims for relief herein in the County of San Diego, within the jurisdiction of the Central District.

9. Plaintiffs are informed and believe, and thereon allege, DOES 1 through 25 are, and at some or all times relevant hereto were, corporations, partnerships, companies, or other business entities who are/were qualified to transact and conduct business in the State of California, and/or did and do transact and conduct business in the State of California regardless of their qualification to transact and conduct business in California. Plaintiffs are further informed and believe, and thereon allege that at some or all times relevant hereto DOES 1 through 25, individually and/or in conjunction with Defendants and/or some or all of the remaining DOE Defendants have: owned, controlled, and/or managed the affairs of Defendants and/or some or all of the remaining DOE Defendants, as related to the work performed by Plaintiffs made the subject of this action; directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiffs; and engaged in fraudulent and/or tortious activity to the detriment of Plaintiffs as alleged herein, which has included employment of Plaintiffs in the County of San Diego. Therefore, Plaintiffs are informed and believe, and thereon allege that at some or all times relevant hereto, DOES 1 through 25 are and/or were Plaintiffs' employers for purposes of some or all of the laws at issue in this action, and are subject to be sued on the causes of action alleged herein in the County of San Diego.

10. Plaintiffs are informed and believe, and thereon allege, DOES 26 through 50 are, and at some or all times relevant hereto were, natural persons and individuals who, individually and/or in conjunction with Defendants, have: owned, controlled, and/or managed the affairs of Defendants and/or some or all of the remaining DOE Defendants, as related to the work performed by Plaintiffs

RX Date/Time         2010/09/20    12:20   16198393926                          P.006
09/20/2010   12:43   16198393926            SMS, AC                       PAGE  06/35

1  made the subject of this action; directly or indirectly exercised operational control over the wages,
2  hours and working conditions of Plaintiffs; and engaged in fraudulent and/or tortious activity to the
3  detriment of Plaintiffs as alleged herein, which has included employment of Plaintiffs in the County
4  of San Diego. Therefore, Plaintiffs are informed and believe, and thereon allege that at some or all
5  times relevant hereto, DOES 26 through 50 are and/or were Plaintiffs' employers for purposes of
6  some or all of the laws at issues in this action, and are subject to be sued on the causes of action
7  alleged herein individually in the County of San Diego.
8         11.    Plaintiffs are informed and believe, and thereon allege, at all some or all relevant
9  times herein Defendants and some of DOES 1 through 50 were and/or are officers, owners,
10 executives, directors, partners, and/or shareholders of Defendants and of some of the remaining
11 DOES 1 through 50, all of whom were acting on behalf of one another: in the establishment of,
12 ratification of, and/or execution of the illegal payroll practices and policies described herein; and
13 which has included decision-making responsibility for, and establishment and execution of, illegal
14 payroll practices and policies for one other. Plaintiffs are further informed and believe, and thereon
15 allege that at some or all times relevant hereto, Defendants and/or some or all of DOES 1 through
16 50, individually and/or in concert have: owned, controlled, managed the affairs of, and/or have done
17 business as Defendants as related to the work performed by Plaintiffs made the subject of this action;
18 directly or indirectly exercised operational control over the wages, hours, and working conditions
19 of Plaintiffs; and engaged in fraudulent and/or tortious activity to the detriment of Plaintiffs as
20 alleged herein, which has included employment of Plaintiffs in the County of San Diego. Therefore,
21 Plaintiffs are informed and believe, and thereon allege that at some or all times relevant hereto,
22 Defendants and/or some or all of DOES 1 through 50, individually and/or jointly are/were employers
23 of Plaintiffs for purposes of some or all of the wage-and-hour laws at issue in this action; are jointly
24 and severally liable on the causes of action alleged herein; and are all subject to be sued on the
25 causes of action alleged herein in the County of San Diego.
26        12.    The true names and capacities, whether natural persons, individuals, corporate,
27 associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiffs, who therefore
28 sues the DOE Defendants by fictitious names. Plaintiffs will amend this Complaint to show their

- 4 -
PLAINTIFFS' COMPLAINT

RX Date/Time 2010/09/20 12:20 16198393926 P.007
09/20/2010 12:43 16198393926 SMS.AC PAGE 07/35

true names and capacities when they have been ascertained.

13. Plaintiffs are informed and believe, and thereon allege, Defendants and DOES 1 through 50 are and/or were Plaintiffs's joint employers by virtue of a joint enterprise. Plaintiffs are informed and believe, and thereon allege that at all some or all relevant times herein Plaintiffs has performed services for each and every of Defendants, and to the mutual benefit of all Defendants, and all Defendants have shared control of Plaintiffs as an employee, either directly or indirectly, and the manner in which Defendants' business is conducted.

14. Plaintiffs are informed and believe, and thereon allege, there exists such a unity of interest and ownership between and among all Defendants that the individuality and separateness of those Defendants have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion, and were used by one another as mere shells and conduits for the conduct of certain of Defendants' affairs. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiffs. Accordingly, Defendants and DOES 1 through 50 constitute the alter egos of each other, and the fiction of their separate existence must be disregarded at law and in equity, because such disregard is necessary to avoid fraud and injustice to Plaintiffs herein.

15. Plaintiffs are informed and believe, and thereon allege (unless otherwise alleged in this Complaint), at all relevant times herein Defendants and DOES 1 through 50 were the agents, employees and/or servants, masters or employers of each other, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants. Plaintiffs are further informed and believe, and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully, maliciously, oppressively, and fraudulently.

16. Plaintiffs are informed and believe, and thereon allege, this Court is the proper Court,

-5-

PLAINTIFFS' COMPLAINT

RX Date/Time    2010/09/20   12:20   16198393926                      P.008
09/20/2010  12:43   16198393926            SMS.AC                PAGE  08/35

and this action is properly filed in the County of San Diego, and within the jurisdiction of the Central District, because Plaintiffs performed work for Defendant in the State of California, in the County of San Diego, and within the jurisdiction of the Central District. Plaintiffs are informed and believe, and thereon allege that Defendants' obligations and liabilities to Plaintiffs, both individually and collectively, for the laws alleged to have been violated in this action arose in the State of California, in the County of San Diego, and within the jurisdiction of the Central District.

## II. FACTUAL ALLEGATIONS

17. Plaintiffs hereby reallege and incorporate by reference in this Section as though set forth fully herein, the allegations contained in Paragraphs one (1) through sixteen (16). These continued factual allegations are pled by Plaintiffs against all Defendants.

18. Plaintiffs worked as employees of Defendants within the three (3) years before the filing of this action. Plaintiffs are informed and believe, and thereon allege, because they each performed work for Defendants, under the direction and control of Defendants, regularly working in interstate commerce, as software engineers, editors, or recruiters, in the County of San Diego and in the State of California, Defendants were obligated to comply with certain sections of the California Labor Code, the California Code of Regulations as contained in California Industrial Welfare Commission wage Order No. 4-2001, and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, as related to Plaintiffs's claims as alleged in this Complaint.

19. For a period of time within the three (3) years before the filing of this action, Plaintiffs were denied the full benefits and protections of California and federal law, were not paid wages under California law, were not paid minimum wages as required by California and/or federal law, were not paid all overtime wages earned as required by California and/or federal law, were not provided with properly itemized wage statements as required by California law, and were not paid all wages owed at the time of termination or resignation, in addition to being subjected to other illegal payroll practices and policies. As a direct result of Defendants' illegal practices and policies Plaintiffs have been denied payment of all wages earned, and have been denied payment for all earned wages at termination or resignation, among other items. All such acts are in violation of California and/or federal laws. Therefore, Plaintiffs bring this employment action against

PLAINTIFFS' COMPLAINT