RX Date/Time     2010/09/20     12:20     16198393926                          P.009
09/20/2010  12:43    16198393925                  SMS.AC                    PAGE  09/35

1  Defendants to recover for unpaid wages and related claims including: unpaid wages; unpaid

2  minimum wages; unpaid overtime wages; other penalties provided by law associated with the

3  foregoing wage claims; interest; attorneys' fees; costs and expenses associated with the foregoing

4  claims; and nominal and compensatory damages arising from the foregoing claims.

5      20.     Plaintiffs are informed and believe, and thereon allege, within the three (3) years

6  before the filing of this action, Defendants POUSTI, WILLIAMS SMITH, SMITH, TAYLOR,

7  PEDERSEN, and DOES 26 through 50 were each personally involved in the decisions not to pay

8  Plaintiffs their wages and to foist illegal and fraudulent contracts on Plaintiffs.

9      21.     Within the three (3) years before the filing of this action, some or all of the

10  Defendants presented to Plaintiffs, or caused to be presented to Plaintiffs, promissory notes in lieu

11  of paying the wages owed to Plaintiffs.  Plaintiffs are informed and believe, and thereon allege, at

12  all relevant times, Defendants knew they violated California and federal laws, yet continued to fail

13  to pay Plaintiffs for all wages earned, in conscious disregard of governing California and federal

14  laws.

15      22.     Plaintiffs are informed and believe, and thereon allege that within the three (3) years

16  before the filing of this Complaint, Plaintiffs has been denied the full benefits and protections of

17  California law in that they were not paid all wages due and were at times not paid any wages

18  whatsoever. As a direct and proximate result of Defendants' illegal practices and policies, Plaintiffs

19  has been denied payment of all wages earned. Therefore, Plaintiffs are further informed and believe,

20  and thereon allege, they have suffered and continues to suffer from loss of earnings, among other

21  damages and losses, in amounts as yet unascertained, but subject to proof at trial in amounts in

22  excess of the minimum jurisdiction of this Court.

23  ### III.  PLAINTIFFS' CAUSES OF ACTION

24  ### FIRST CAUSE OF ACTION

25  ### FAILURE TO PAY WAGES

26  ### (Under California Law)

27      23.     Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

28  herein, the allegations contained in Paragraphs one (1) through twenty-two (22). This cause of action

-7-

1   is plead by Plaintiffs against Defendants FANBOX and DOES 1 through 25.

2          24.     Within the three (3) years before the filing of this Complaint, in the course and scope

3   of their employment, Plaintiffs have been required to perform work for Defendants FANBOX and

4   DOES 1 through 25 but have not been paid for all hours worked; this has included the times when

5   Plaintiffs received no compensation whatsoever for work performed, or were suffered or permitted

6   to work and when Plaintiffs were given promissory notes in lieu of wages, including, but not limited

7   to, compensation at Plaintiffs' regular hourly rate and bonuses.

8          25.     Within the three (3) years before the filing of this Complaint, Defendants FANBOX

9   and DOES 1 through 25 have employed Plaintiffs within the State of California as software

10  engineers, recruiters, customer service representatives, or in product support in the performance of

11  FANBOX and DOES 1 through 25's regular business operations.     As employees in California,

12  Plaintiffs were covered by, and entitled to the benefits and protections of the California Labor Code,

13  including but not limited to sections 200, *et al.* and sections 1171, *et al.*, and the California Code of

14  Regulations as contained in California Industrial Welfare Commission Wage Order No. 4-2001,

15  including but not limited to sections 3 and 4, with regard to payment of wages for work performed.

16  In addition, pursuant to California Labor Code section 206.5, Defendants FANBOX and DOES 1

17  through 25 cannot ask or require Plaintiffs to waive such benefits.

18         26.     Within the three (3) years before the filing of this Complaint, because Plaintiffs have

19  been required to perform work for Defendants FANBOX and DOES 1 through 25, but without full

20  pay for all work performed, Plaintiffs have been damaged.     As a direct and proximate result,

21  Plaintiffs have suffered, and continue to suffer, substantial financial losses, lost interest, and

22  expenses and attorneys' fees in seeking to compel Defendants FANBOX and DOES 1 through 25

23  to fully perform their obligations under state law, all to their respective damage in amounts according

24  to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.     As

25  Defendants' conduct described herein violates the provisions of the California Labor Code and

26  California Code of Regulations regarding payment for hours worked, Plaintiffs are thus entitled to

27  recover all amounts for such wages earned, plus interest, attorneys' fees, and court costs and

28  expenses of suit, according to proof at time of trial but in amounts in excess of the minimum

- 8 -

1   jurisdiction of this Court.  Plaintiffs are also entitled to recover, in addition to or in lieu of some or

2   all such expenses and benefits, nominal, actual and compensatory damages in amounts according

3   to proof at time of trial but in amounts in excess of the minimum jurisdiction of this Court.

4       27.    WHEREFORE, Plaintiffs request relief as herein provided.

5   SECOND CAUSE OF ACTION

6   FAILURE TO PAY MINIMUM WAGES

7   (Under California Law)

8       28.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

9   herein, the allegations contained in Paragraphs one (1) through twenty-seven (27).  This cause of

10  action is plead by Plaintiffs against Defendants FANBOX and DOES 1 through 25.

11      29.    Within the three (3) years before the filing of this Complaint, Defendants FANBOX

12  and DOES 1 through 25 have employed Plaintiffs within the State of California as software

13  engineers, recruiters, customer service representatives, or in product support in the performance of

14  FANBOX and DOES 1 through 25's regular business operations.  Plaintiffs are accordingly entitled

15  to the benefits and protections of the California Labor Code, and California Code of Regulations

16  under Industrial Welfare Commission Wage Order No. 4-2001.  At all relevant times, Plaintiffs'

17  hourly minimum wage has been eight dollars ($8.00) per hour.

18      30.    Plaintiffs were employees of Defendants FANBOX and DOES 1 through 25 under

19  California law, entitled to the benefits and protections of California law regarding payment of

20  minimum wages. Pursuant to the California Labor Code and the California Code of Regulations as

21  contained in California Industrial Welfare Commission Wage Order No. 4-2001, Plaintiffs were

22  entitled to receive minimum wages for all hours worked or hours Plaintiffs were suffered or

23  permitted to work.

24      31.    Plaintiffs are informed and believe, and thereon allege, in violation of state law,

25  Defendants FANBOX and DOES 1 through 25 failed to perform their obligations to properly

26  compensate Plaintiffs at least the minimum wage for all hours worked or hours Plaintiffs were

27  suffered or permitted to work.  Defendants committed the acts alleged herein knowingly and

28  willfully, with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives

- 9 -

RX Date/Time    2010/09/20    12:20    16198393926                                P.012
09/20/2010  12:43   16198393926                  SMS.AC                          PAGE  12/35

1   amounting to malice, and in conscious disregard of Plaintiffs' rights.  As a result of the acts and

2   omissions alleged herein, Plaintiffs have suffered, and continue to suffer, substantial losses related

3   to the use and enjoyment of such monies, lost interest on such wages, and expenses and attorneys'

4   fees in seeking to compel Defendants FANBOX and DOES 1 through 25 to fully perform their

5   obligations under state law, all to their damage in amounts according to proof at time of trial, but in

6   amounts in excess of the minimum jurisdiction of this Court.

7       32.     As a direct and proximate result of the aforementioned violations of the California

8   Code of Regulations as contained in California Industrial Welfare Commission Wage Order No. 4-

9   2001, and applicable provisions the California Labor Code, regarding the payment of minimum

10  wages to employees, Plaintiffs are thus entitled to recover all amounts for all such hours worked,

11  liquidated damages, interest, attorneys' fees, and court costs and expenses of suit, pursuant to Labor

12  Code §§ 218.6, 1194 and 1194.2, according to proof at time of trial, but in amounts in excess of the

13  minimum jurisdiction of this Court.

14      33.     WHEREFORE, Plaintiffs request relief as herein provided.

15  <u>THIRD CAUSE OF ACTION</u>

16  FAILURE TO PAY MINIMUM WAGES

17  (Under Federal Law)

18      34.     Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

19  herein, the allegations contained in Paragraphs one (1) through thirty-three (33). This cause of action

20  is plead by Plaintiffs against all Defendants.

21      35.     At all relevant times, Defendants were employers of Plaintiffs, pursuant to the Fair

22  Labor Standards Act, 29 U.S.C. § 203(d).

23      36.     Pursuant to the Federal Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.*, and in

24  particular, 29 U.S.C. §§ 207 and 216, within the three (3) years before the filing of this lawsuit,

25  Defendants were required to compensate Plaintiffs for all hours worked.  At all relevant times,

26  Plaintiffs' hourly minimum wage has been eight dollars ($8.00) per hour.

27      37.     At all relevant times, Plaintiffs were employees under federal law entitled to the

28  protections of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.*, and in particular, 29 U.S.C.

- 10 -

§§ 206 and 216. During the course of each Plaintiffs' respective periods of employment, Defendants failed to compensate Plaintiffs at least the minimum wage for all hours worked, as required under the aforementioned federal laws.

38.    In violation of federal law, Defendants have knowingly and willfully refused to perform their obligation to properly compensate Plaintiffs for all hours worked. Defendants fraudulently promised to compensate Plaintiffs with "promissory notes" rather than the minimum wages owed to them and continued this scheme by continuously renewing such promissory notes, knowing there was no reasonable prospect of paying Plaintiffs. (See, *infra*, paragraphs 79-82, 85.)

39.    Plaintiffs are informed and believe, and thereon allegeDefendants were compensated and received the benefit of Plaintiffs' work, while Plaintiffs were not paid minimum wages.

40.    As a proximate result of Defendants' aforementioned violations of federal law, Plaintiffs have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses in seeking to compel Defendants to fully perform their obligations under federal law, all to their damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

41.    Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court, in addition to liquidated damages and Plaintiffs' attorneys' fees and costs pursuant to 29 U.S.C. section 216.

42.    WHEREFORE, Plaintiffs request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Under California Law)

43.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs one (1) through forty-two (42). This cause of action is plead by Plaintiffs against Defendants FANBOX and DOES 1 through 25.

- 11 -

44.    Within the three (3) years before the filing of this Complaint, Defendants FANBOX and DOES 1 through 25 employed Plaintiffs within the State of California as software engineers, recruiters, customer service representatives, or in product support in the performance of FANBOX and DOES 1 through 25's regular business operations. Plaintiffs are accordingly entitled to the benefits and protections of the California Labor Code, and California Code of Regulations as contained in California Industrial Welfare Commission Wage Order No. 4-2001.

45.    Within the three (3) years before the filing of this Complaint, Plaintiffs have been subject to the control of Defendants FANBOX and DOES 1 through 25 and were suffered and/or permitted to work, as defined by California laws, for periods that exceeded eight (8) hours in a single work day, and/or forty (40) hours in a single work week, for which California laws provide that Plaintiffs should be paid overtime wages. Defendants FANBOX and DOES 1 through 25, however, have failed to pay Plaintiffs overtime wages for such overtime hours worked. Plaintiffs are thus owed overtime wages for work performed pursuant to the California Labor Code, including but not limited to sections 500, *et. seq.*, 1194 and 1198, and the California Code of Regulations as contained in California Industrial Welfare Commission Wage Order No. 4-2001, including but not limited to section 3(A) in amounts according to proof at time of trial but in amounts in excess of the minimum jurisdiction of this Court.

46.    As a direct and proximate result of the aforementioned violations of the California Code of Regulations as contained in California Industrial Welfare Commission Wage Order No. 4-2001, and the California Labor Code, regarding the payment of overtime wages to employees, Plaintiffs are thus entitled to recover all amounts for all such hours worked, or suffered or permitted to work; liquidated damages; interest; attorneys' fees; and costs and expenses of suit, pursuant to Labor Code §§ 218.6 and 1194, according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

47.    WHEREFORE, Plaintiffs request relief as herein provided.

///

///

///

- 12 -

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

### (Under Federal Law)

48.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs one (1) through forty-seven (47). This cause of action is plead by Plaintiffs against all Defendants.

49.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.*, and in particular, 29 U.S.C. §§ 207 and 216, within the three (3) years before the filing of this lawsuit, Defendants were required to compensate Plaintiffs for all overtime hours worked for all hours worked in excess of forty (40) hours in a single week.

50.    At all relevant times, Defendants were employers of Plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203(d).

51.    Since Plaintiffs were not paid on a salary basis, and are not subject to any of the exemptions contained in 29 U.S.C. § 213, at all relevant times, Plaintiffs were "non-exempt" employees under federal law, entitled to the protections of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.*, and in particular, 29 U.S.C. §§ 207 and 216. Throughout Plaintiffs' employment, Defendants failed to compensate Plaintiffs for overtime hours worked in excess of forty (40) hours per week, as required under the aforementioned federal laws.

52.    In violation of federal law, Defendants have knowingly and willfully refused to perform their obligation to properly compensate Plaintiffs for their hours of overtime worked. Defendants fraudulently promised to compensate Plaintiffs with "promissory notes" rather than the overtime wages owed to them and continued this scheme by continuously renewing such promissory notes, knowing there was no reasonable prospect of paying Plaintiffs. (See, *infra*, paragraphs 79-82, 85.)

53.    Plaintiffs are informed and believe, and thereon allege Defendants were compensated and received the benefit of Plaintiffs' work while Plaintiffs were not paid minimum wages.

54.    As a proximate result of Defendants' aforementioned violations of federal law, Plaintiffs have suffered and continue to suffer substantial losses related to the use and enjoyment of

- 13 -

RX Date/Time          2010/09/20      12:20    16198393926                                    P.016
09/20/2010   12:43   16198393926                      SMS.AC                              PAGE  16/35

1   such wages, lost interest on such wages, and expenses in seeking to compel Defendants to fully

2   perform their obligations under federal law, all to their damage in amounts according to proof at time

3   of trial, but in amounts in excess of the minimum jurisdiction of this Court.

4        55.      Defendants committed the acts alleged herein knowingly and willfully, with the

5   wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice,

6   and in conscious disregard of Plaintiffs' rights. Plaintiffs are thus entitled to recover nominal, actual,

7   and compensatory damages in amounts according to proof at time of trial, but in amounts in excess

8   of the jurisdiction of this Court, in addition to liquidated damages and Plaintiffs' attorneys' fees and

9   costs pursuant to 29 U.S.C. section 216.

10       56.      WHEREFORE, Plaintiffs request relief as herein provided.

11                        SIXTH CAUSE OF ACTION

12   FAILURE TO PROVIDE PROPERLY ITEMIZED WAGE STATEMENTS

13                          (Under California Law)

14       57.      Plaintiffs reallege, and incorporate by reference as though set forth fully herein, the

15   allegations contained in Paragraphs one (1) through fifty-six (56). This claim for relief is plead by

16   Plaintiffs against Defendants FANBOX and DOES 1 through 25.

17       58.      Within the three (3) years before filing this Complaint, Defendants FANBOX and

18   DOES 1 through 25 employed Plaintiffs as software engineers, recruiters, customer service

19   representatives, or in product support  within the State of California. Plaintiffs are accordingly

20   entitled to the benefits and protections of the California Code of Regulations as contained in

21   Industrial Welfare Commission Wage Order No. 4-2001, and the California Labor Code, with regard

22   to the requirements that Defendants FANBOX and DOES 1 through 25 provide Plaintiffs with

23   correctly itemized wage statements at each pay period, but in no event fewer that twice monthly,

24   including proper payment of wages and expenses, and proper itemization of employee's pay, and

25   proper withholding of payroll taxes, among other items. The benefits and protections of such

26   statutes extend to Plaintiffs.

27       59.      In violation of state law, Defendants FANBOX and DOES 1 through 25 have

28   knowingly and willfully refused to perform their obligations to provide Plaintiffs with correctly

1  itemized wage statements, in whole or in part, at each pay period. Defendants FANBOX and DOES

2  1 through 25's failure to provide Plaintiffs with properly itemized wage statements, including proper

3  payment of wages and proper itemization of Plaintiffs's pay, in violation of California law, was

4  knowing and intentional. Defendants FANBOX and DOES 1 through 25 refused to provide the

5  properly itemized wage statements due to false and fraudulent reasons.  All such acts were

6  committed willfully, maliciously, oppressively, and fraudulently, all of which have deprived

7  Plaintiffs of their legal rights.

8      60.    As a direct and proximate result, Plaintiffs have suffered, and continue to suffer,

9  substantial losses related to the use and enjoyment of such wages, monies, and wage statements and

10  wage benefits, lost interest on wages and benefits, and expenses and attorneys' fees in seeking to

11  compel Defendants FANBOX and DOES 1 through 25 to fully perform their obligations under state

12  law, all to her respective damage in amounts according to proof at the time of trial, but in amounts

13  in excess of the minimum jurisdiction of this Court. As Defendants FANBOX and DOES 1 through

14  25's conduct described herein violates the provisions of the California Code of Regulations as

15  contained in California Industrial Welfare Commission Wage Order No. 4-2001 and the California

16  Labor Code regarding proper payment of wages and proper itemization of Plaintiffs' pay, Plaintiffs

17  are thus entitled to recover all amounts for all such wages and benefits on such wage statements,

18  penalties, interest, attorneys' fees, and costs and expenses pursuant to Labor Code § 226(e) according

19  to proof at the time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

20      61.    WHEREFORE, Plaintiffs request relief as herein provided.

21              ## SEVENTH CAUSE OF ACTION

22                        FRAUD

23                  (Under California Law)

24      62.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

25  herein, the allegations contained in Paragraphs one (1) through sixty-one (61). This cause of action

26  is plead by Plaintiffs against all Defendants.

27      63.    Within the three (3) years before the filing of this Complaint, Defendants FANBOX

28  and DOES 1 through 25 have employed Plaintiffs within the State of California as software

PLAINTIFFS' COMPLAINT

1   engineers, recruiters, customer service representatives, or in product support in the performance of

2   FANBOX and DOES 1 through 25's regular business operations.

3       64.    Within the three (3) years before the filing of this Complaint, Defendants POUSTI,

4   WILLIAMS SMITH, SMITH, TAYLOR, PEDERSEN, and DOES 26 through 50 have acted as

5   owners, board members, and/or managing agents of Defendants FANBOX and DOES 1 through 25.

6       65.    Plaintiffs are informed and believe, and thereon allege, all Defendants intended for

7   Plaintiffs to be presented with and execute promissory notes in lieu of receiving wages at the time

8   such wages were due, and Defendants caused Plaintiffs to be presented with and execute promissory

9   notes via the representations and actions of Defendants SMITH and TAYLOR, acting in their

10  capacities as managing agents.

11      66.    Within the three (3) years before the filing of this Complaint, Defendants, and each

12  of them, caused Plaintiffs to be presented with promissory notes in lieu of their wages.  Specifically,

13  Defendants SMITH and TAYLOR, Vice President – Human Resources and Director of Human

14  Resources, respectively, acting within the scope of employment, presented promissory notes

15  Plaintiffs and secured their assent to the terms of the promissory notes.

16      67.    Plaintiffs are informed and believe, and thereon allege, Defendants, and each of them,

17  knew that Plaintiffs were presented with these promissory notes in lieu of wages and approved of

18  the fact that Plaintiffs executed these promissory notes in lieu of receiving wages.

19      68.    The promissory notes Plaintiffs executed as "Payees," generally coinciding with the

20  dates Plaintiffs were to receive their wages, provide that the Borrower, SMS.ac, Inc., "promises to

21  pay to the order of Payee... the principal amount plus interest at the rates stated above." The

22  principal noted in Plaintiffs' promissory notes generally equate to Plaintiffs' regular rate of pay

23  multiplied by forty (40) hours per week for the applicable pay period, less any amounts paid to

24  Plaintiffs for the applicable pay period.  The interest is twelve percent (12%).  The term of each

25  promissory note is one (1) year.

26      69.    Plaintiffs are informed and believe, and thereon allege, Defendants FANBOX and

27  DOES 1 through 25 did not intend to pay Plaintiffs the principal amounts and interest at the

28  expiration of the term of the promissory notes and/or have never intended to pay Plaintiffs the

- 16 -

PLAINTIFFS' COMPLAINT

RX Date/Time        2010/09/20    12:20    16198393926                              P.019
09/20/2010  12:43   16198393926              SMS.AC                    PAGE  19/35

1   principal amounts and interest at any time. Thus, Plaintiffs are informed and believe, and thereon

2   allege, Defendants FANBOX and DOES 1 through 25 misrepresented their intention to pay Plaintiffs

3   wages owed, along with interest, with knowledge that the representations were false.

4        70.     Plaintiffs are further informed and believe, and thereon allege, Defendants POUSTI,

5   WILLIAMS SMITH, SMITH, TAYLOR, PEDERSEN, and DOES 26 through 50 were aware that

6   Defendants FANBOX and DOES 1 through 25 did not intend to pay Plaintiffs the principal amounts

7   and interest at the expiration of the term of the promissory notes and/or have never intended to pay

8   Plaintiffs the principal amounts and interest at any time. Thus, Plaintiffs are informed and believe,

9   and thereon allege, Defendants POUSTI, WILLIAMS SMITH, SMITH, TAYLOR, PEDERSEN,

10   and DOES 26 through 50, misrepresented Defendants' intention to pay Plaintiffs wages owed, along

11   with interest, with knowledge that the representations were false.

12        71.     Plaintiffs are informed and believe, and thereon allege, Defendants, and each of them,

13   presented, or knew that their agents or representatives presented, promissory notes to Plaintiffs with

14   the intent to induce their reliance on the representations that Plaintiffs would be paid their wages and

15   twelve percent (12%) interest.

16        72.     Plaintiffs relied upon the representations made by Defendants, and as a proximate

17   result of Defendants' knowing misrepresentations and Plaintiffs' reliance, Plaintiffs have suffered

18   and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest

19   on such wages, and expenses in seeking to compel Defendants to fully perform their obligations

20   under California law, all to their damage in amounts according to proof at time of trial, but in

21   amounts in excess of the minimum jurisdiction of this Court.

22        73.     Defendants' misrepresentations were knowing and intentional, with the intent of

23   inducing Plaintiffs' reliance. Defendants' acts were committed willfully, maliciously, oppressively

24   and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and with a

25   conscious disregard for Plaintiffs' rights and Defendants' obligations. Therefore, in addition to all

26   other types of relief requested herein, Plaintiffs are entitled to recover punitive and exemplary

27   damages in amounts according to proof at time of trial, but in amounts in excess of the minimum

28   jurisdiction of this Court.

- 17 -

### EIGHTH CAUSE OF ACTION

### BREACH OF CONTRACT

### (Under California Law)

74.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs one (1) through seventy-three (73).   This cause of action is plead by Plaintiffs against Defendants FANBOX and DOES 1 through 25.

75.    At various times within the three (3) years before the filing of this Complaint, Defendants FANBOX and DOES 1 through 25 caused Plaintiffs to be presented with promissory notes in lieu of paying their wages in accordance with California law, specifically Labor Code section 204.  Specifically, Defendants SMITH and TAYLOR, Vice President – Human Resources and Director of Human Resources, respectively, presented promissory notes Plaintiffs and secured their signatures on them.

76.    The promissory notes Plaintiffs executed as "Payees," generally coinciding with the dates Plaintiffs were to receive their wages, provide that the Borrower, SMS.ac, Inc., "promises to pay to the order of Payee... the principal amount plus interest at the rates stated above."  The interest is twelve percent (12%).  The term of each promissory note is one (1) year.

77.    The principal noted in Plaintiffs' promissory notes generally equate to Plaintiffs' regular rate of pay multiplied by forty (40) hours per week for the applicable pay period, less any amounts paid to Plaintiffs for the applicable pay period.

78.    An example of one of the promissory notes given to Plaintiffs is attached hereto as Exhibit 1.

79.    Plaintiff CHRISTOPHER ROSE entered into 22 contracts, or promissory notes, with Defendant FANBOX and DOES 1 through 25, containing the terms described in Paragraph 76 above, totaling a principal amount of thirty-four thousand two hundred seventy-six dollars and eighty-eight cents ($34,276.88).  The dates of the promissory notes and principal amounts are as follows:

a.    August 10, 2008 – one thousand five hundred fifty-two dollars and fifty-three cents
        ($1,552.53)

b.    August 26, 2008 – one thousand five hundred fifty-two dollars and fifty-three cents ($1,552.53)

c.    September 10, 2008 – one thousand five hundred fifty-two dollars and fifty-three cents ($1,552.53)

d.    September 26, 2008 – one thousand five hundred fifty-two dollars and fifty-three cents ($1,552.53)

e.    October 10, 2008 – one thousand five hundred twenty-seven dollars and three cents ($1,527.03)

f.    October 26, 2008 – one thousand five hundred twenty-seven dollars and three cents ($1,527.03)

g.    November 10, 2008 – one thousand five hundred twenty-seven dollars and three cents ($1,527.03)

h.    November 26, 2008 - one thousand five hundred twenty-seven dollars and three cents ($1,527.03)

i.    December 10, 2008 – one thousand five hundred twenty-seven dollars and three cents ($1,527.03)

j.    December 26, 2008 – one thousand five hundred twenty-seven dollars and three cents ($1,527.03)

k.    January 10, 2009 – one thousand five hundred thirty-five dollars and sixty-four cents ($1,535.64)

l.    January 26, 2009 – one thousand five hundred thirty-five dollars and sixty-four cents ($1,535.64)

m.    February 10, 2009 – one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

n.    February 26, 2009 – one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

o.    March 10, 2009 – one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

- 19 -

p.    March 26, 2009 -- one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

q.    April 10, 2009 -- one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

r.    April 26, 2009 -- one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

s.    May 10, 2009 -- one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

t.    May 26, 2009 -- two thousand eighty-three dollars and thirty-three cents (2,083.33)

u.    June 10, 2009 -- one thousand five hundred eighty-three dollars and thirty-three cents ($1,583.33)

v.    June 26, 2009 -- one thousand eighty-three dollars and thirty-three cents ($1,083.33)

80.    Plaintiff ALEXANDRA FONDREN entered into 15 contracts, or promissory notes, with Defendant FANBOX and DOES 1 through 25, containing the terms described in Paragraph 76 above, totaling a principal amount of sixteen thousand seven hundred forty-seven dollars and ten cents ($16,747.10)

($34,276.88). The dates of the promissory notes and principal amounts are as follows:

a.    November 26, 2008 -- nine hundred sixty-nine dollars and ninety-seven cents ($969.97)

b.    December 10, 2008 -- nine hundred sixty-nine dollars and ninety-seven cents ($969.97)

c.    December 26, 2008 -- nine hundred sixty-nine dollars and ninety-seven cents ($969.97)

d.    January 10, 2009 -- nine hundred sixty-eight dollars and ninety-five cents ($968.95)

e.    January 26, 2009 -- nine hundred sixty-eight dollars and ninety-five cents ($968.95)

f.    February 10, 2009 -- six hundred forty-nine dollars and twenty-seven cents ($649.27)

g.    February 26, 2009 -- one thousand two hundred fifty dollars ($1,250.00)

h.    March 10, 2009 -- one thousand two hundred fifty dollars ($1,250.00)

- 20 -

1      i.     March 26, 2009 – one thousand two hundred fifty dollars ($1,250.00)

2      j.     April 10, 2009 – one thousand two hundred fifty dollars ($1,250.00)

3      k.    April 26, 2009 – one thousand two hundred fifty dollars ($1,250.00)

4      l.     May 10, 2009 – one thousand two hundred fifty dollars ($1,250.00)

5      m.   May 26, 2009 – one thousand two hundred fifty dollars ($1,250.00)

6      n.    June 10, 2000 – one thousand two hundred fifty dollars ($1,250.00)

7      o.    June 26, 2009 – one thousand two hundred fifty dollars ($1,250.00)

8     81.    Plaintiff GHODSI ANN GHASHGHAEE entered into 13 contracts, or promissory

9   notes, with Defendant FANBOX and DOES 1 through 25, containing the terms described in

10   Paragraph 76 above, totaling a principal amount of fifteen thousand five hundred fifty-three dollars

11   and fifty cents ($15,553.50). The dates of the promissory notes and principal amounts are as follows:

12     a.     January 26, 2009 – one thousand fifty-three dollars and fifty-eight cents ($1,053.58)

13     b.    February 10, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

14            ($1,166.66)

15     c.     February 26, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

16            ($1,166.66)

17     d.     March 10, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

18            ($1,166.66)

19     e.     March 26, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

20            ($1,166.66)

21     f.     April 10, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

22            ($1,166.66)

23     g.     April 26, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

24            ($1,166.66)

25     h.     May 10, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

26            ($1,166.66)

27     i.     May 26, 2009 – one thousand six hundred sixty-six dollars and sixty-six cents

28            ($1,666.66)

- 21 -

RX Date/Time        2010/09/20    12:20    16198393926                              P.024
09/20/2010   12:43   16198393926              SMS.AC                    PAGE   24/35

1      j.     June 10, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

2           ($1,166.66)

3      k.     June 26, 2009 – one thousand six hundred sixty-six dollars and sixty-six cents

4           ($1,666.66)

5      l.     July 10, 2009 – one thousand one hundred sixty-six dollars and sixty-six cents

6           ($1,166.66)

7      m.     July 26, 2009 – six hundred sixty-six dollars and sixty-six cents ($666.66)

8      82.     Plaintiff PATRICK WILLIAMS entered into 10 contracts, or promissory notes, with

9  Defendant FANBOX and DOES 1 through 25, containing the terms described in Paragraph 76

10  above, totaling a principal amount of eight thousand nine hundred twenty-seven dollars ($8,927.00).

11  The dates of the promissory notes and principal amounts are as follows:

12      a.     March 10, 2009 – one hundred sixteen dollars ($116.00)

13      b.     March 26, 2009 – seven hundred thirty-two dollars ($732.00)

14      c.     April 10, 2009 – seven hundred thirty-two dollars ($732.00)

15      d.     April 26, 2009 – seven hundred thirty-two dollars ($732.00)

16      e.     May 10, 2009 – seven hundred thirty-two dollars ($732.00)

17      f.     May 26, 2009 – one thousand two hundred thirty-two dollars ($1,232.00)

18      g.     June 10, 2009 – nine hundred forty-nine dollars ($949.00)

19      h.     June 26, 2009 – one thousand seven hundred seventy-six dollars and fifty cents

20           ($1,776.50)

21      i.     July 10, 2009 – one thousand two hundred twenty-five dollars and fifty cents

22           ($1,225.50)

23      j.     July 26, 2009 – seven hundred dollars ($700.00)

24      83.     At various times within the three (3) years before the filing of this Complaint,

25  Plaintiffs accepted Defendants FANBOX and DOES 1 through 25's offers to pay principal and

26  interest at the expiration of the term when they signed the promissory notes.

27      84.     Plaintiffs are informed and believe, and thereon allege, they fulfilled all of their

28  obligations under the promissory notes.

- 22 -

PLAINTIFFS' COMPLAINT

85.    Plaintiffs are informed and believe, and thereon allege, the term of each of the promissory notes they executed has expired as of the time of filing this Complaint and that Defendants FANBOX and DOES 1 through 25 breached each of the promissory notes by failing to pay Plaintiffs according to the terms of each of the promissory notes. Plaintiffs are informed and believe, and thereon allege, there is no excuse for Defendants FANBOX and DOES 1 through 25's non-performance.

86.    As a result of Defendants FANBOX and DOES 1 through 25's non-performance, Plaintiffs have suffered damages, including but not limited to, nominal, actual, and compensatory damages.

87.    Defendants FANBOX and DOES 1 through 25 committed the acts alleged herein knowingly and willfully, and with the wrongful and deliberate intention of injuring Plaintiffs, from an improper motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs are thus also entitled to recover from Defendants FANBOX and DOES 1 through 25, in addition to nominal, actual and compensatory damages, all damages reasonably foreseeable by Defendants FANBOX and DOES 1 through 25's breaches of contract, in an amount according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

88.    WHEREFORE, Plaintiffs request relief as hereinafter provided.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in this action as follows:

1.    For nominal damages;

2.    For actual and compensatory damages in an amount according to proof;

3.    For unpaid wages, including minimum wages, overtime wages, and liquidated damages, pursuant to Labor Code §§ 1194 and 1194.2, in an amount according to proof;

4.    For unpaid wages, including minimum wages, overtime wages, and liquidated damages, pursuant to 29 U.S.C. § 216, in an amount according to proof;

5.    For penalties pursuant to Labor Code §§ 203, 226 and applicable provisions of the California Code of Regulations as contained in California Industrial Welfare

- 23 -

Commission Wage Order 4-2001;

6.   For interest accrued pursuant to Labor Code § 218.6;

7.   For reasonable attorneys' fees pursuant to Labor Code §§ 226 and 1194;

8.   For reasonable attorneys' fees pursuant to 29 U.S.C. § 216;

9.   For costs of suit and expenses incurred pursuant to Labor Code §§ 226 and 1194;

10.  For costs of suit and expenses incurred pursuant to 29 U.S.C. § 216;

11.  For punitive or exemplary damages; and

12.  For all such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated:  8/23/10                                    POPE, BERGER & WILLIAMS, LLP

                                          By:

                                                Harvey C. Berger, Esq.
                                                Helen Y. Liu, Esq.
                                                Attorneys for Plaintiffs CHRISTOPHER
                                                ROSE, ALEXANDRA FONDREN,
                                                GHODSI ANN GHASHGHAEE, and
                                                PATRICK WILLIAMS

## V.  DEMAND FOR JURY TRIAL

Plaintiffs  CHRISTOPHER  ROSE,  ALEXANDRA  FONDREN,  GHODSI  ANN
GHASHGHAEE, and PATRICK WILLIAMS hereby demand a jury trial.

Dated:  8/23/10                                    POPE, BERGER & WILLIAMS, LLP

                                          By:

                                                Harvey C. Berger, Esq.
                                                Helen Y. Liu, Esq.
                                                Attorneys for Plaintiffs CHRISTOPHER
                                                ROSE, ALEXANDRA FONDREN,
                                                GHODSI ANN GHASHGHAEE, and
                                                PATRICK WILLIAMS

- 24 -

EXHIBIT 1



## Promissory Note

| | |
|---|---|
| Date: | August 10, 2008 |
| Borrower: | SMS.ac, Inc. |
| Borrower's Address: | 255 G Street, Suite 723<br>San Diego, CA 92101 |
| Payee: | Christopher Rose |
| Principal Amount: | $1,552.53 |
| Term: | 1 Year |

INTEREST RATE:   12% annual interest rate on all unpaid amounts.

PAYMENT TERMS:  This Promissory Note ("Note") is due and payable as follows: $1,552.53 plus any accrued interest up to the payment date at the time of repayment.

The time for final repayment will be no later than one (1) year from today's date ("Term"); however, Borrower may pay all of any part of this Note at any time within the one year period without penalty. Borrower will make best commercial efforts to pay this amount back as quickly as it is commercially able.

PLACE FOR PAYMENT:    Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the rates stated above.

FORM OF PAYMENT:  Any check, draft, money order, or other instrument given in payment of all or any portion hereof may be accepted by the Payee and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the Payee hereof except to the extent that actual cash proceeds of such instruments pay in full the due principle and interest by end of Term.

SEVERABILITY:  If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

BINDING EFFECT:  The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

DESCRIPTIVE HEADINGS:  The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

 
always connected

GOVERNING LAW: The Note shall be governed, construed and interpreted by, through and under the Laws of the State of California, and the courts of San Diego County shall have exclusive jurisdiction.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this 10th day of August, 2008.

BORROWER

SMS.ac, Inc.

_____          _8/27/08_
Signature                          Date

By: Ken Smith
Title: Vice President – Human Resources

PAYEE

Christopher Rose

_____          _8/27/08_
Signature                          Date

RX Date/Time    2010/09/20    12:20    16198393926    P.002
09/20/2010   12:43    16198393926    SMS.AC    PAGE   02/35

# SUMMONS

**SUM-100**

## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2010 AUG 24  A 8: 49

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SMS.AC, INC dba FANBOX, a California Corporation; MICHAEL POUSTI, an
individual; BRANDIE WILLIAMS SMITH, an individual; KEN SMITH, an individual;
AMY TAYLOR, an individual; BRIEANNE PEDERSEN, an individual; and DOES 1
through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTOPHER ROSE, ALEXANDRA FONDREN, GHODSI ANN
GHASHGHAEE, and PATRICK WILLIAMS,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): | 37-2010-00098799-CU-OE-CTL |

SUPERIOR COURT OF CALIFORNIA IN AND FOR SAN DIEGO COUNTY
330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Harvey C. Berger / Helen Y. Liu          POPE, BERGER & WILLIAMS, LLP
3555 Fifth Avenue, Suite 300              619/595-1366
San Diego, California 92103

| DATE: | AUG 2 4 2010 | Clerk, by | M. BANE | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

SMS. AC, Inc. DBA Fanbox, A California corporation

3. ☑ on behalf of (specify):
   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date): 9-18-)

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

ROSE 5182

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHRISTOPHER ROSE, ALEXANDRA FONDREN, GHODSI ANN GHASHGHAEE, and PATRICK WILLIAMS

## DEFENDANTS
SMS.AC, INC. dba FANBOX; a California Corporation; MICHAEL POUSTI, an individual; BRANDIE WILLIAMS

**(b)** County of Residence of First Listed Plaintiff __San Diego__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __San Diego__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Harvey Berger, Pope, Berger & Williams, LLP, 3555 Fifth Avenue, Suite 300, San Diego, Ca 92103; (619) 595-1366

Attorneys (If Known)  **'10CV2163 DMS AJB**
Michael Battin, Navigato & Battin, LLP, 755 West A Street, Suite 150, San Diego, Ca 92101; (619) 233-5365

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability — **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting — ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment — **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations — ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare — ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights — ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 201 et seq.
Brief description of cause:
Failure to pay minimum wages, Failure to pay overtime compensation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,504.48
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE  10/15/2010
SIGNATURE OF ATTORNEY OF RECORD  s/Michael Battin

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____