# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROSE, et al.,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>SMS.AC, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. 10CV2163 DMS (AJB)<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION OF CLAIMS AGAINST DEFENDANTS MICHAEL POUSTI, BRANDIE SMITH, KEN SMITH, AMY TAYLOR, AND BRIANNE PEDERSEN** |

　　　　Pending before the Court is a motion to compel arbitration of the claims against them by Defendants Michael Pousti, Brandie Williams Smith, Ken Smith, Amy Taylor, and Brianne Pedersen ("Individual Defendants"). (Doc. 18.) The motion is currently set for hearing on Friday, June 10, 2011. The matter is suitable for submission without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, the motion is granted.

## I.

## BACKGROUND

　　　　Plaintiffs are former employees of Defendant SMS.ac, Inc., doing business as Fanbox ("SMS"), and performed work as software engineers, editors, or recruiters. (Complaint ¶¶ 18, 25.) Plaintiffs allege they were denied full benefits and protections under the law of California and federal law, were not paid wages under California law, were not paid minimum wages or overtime wages as required by California and/or federal law, and were not paid all wages owed at the time of termination or

resignation as required by California law. (*Id.* at ¶ 19.) Plaintiffs further allege they were presented promissory notes in lieu of the wages they were owed. (*Id.* at ¶ 21.) On August 24, 2010, Plaintiffs filed a Complaint in State Court against SMS and individual officers and directors of SMS. Defendants SMS, Michael Pousti, and Brandie Williams Smith removed the action to this Court on October 15, 2010. (Doc. 1.) The Complaint states claims for relief for (1) failure to pay wages, (2) failure to pay minimum wages pursuant to California law, (3) failure to pay minimum wages pursuant to federal law, (4) failure to pay overtime wages pursuant to California law, (5) failure to pay overtime wages pursuant to federal law, (6) failure to provide properly itemized wage statements, (7) fraud, and (8) breach of contract. On March 14, 2011, the Individual Defendants filed a motion to compel arbitration of the claims stated against them based upon the arbitration agreements executed by each of the Plaintiffs during their employment with SMS. (Doc. 18.) In the arbitration agreements, Plaintiffs agreed to resolve any and all disputes against SMS or its officers, directors, employees, or agents through binding arbitration. (Pousti Decl. Ex. A.) After the Court granted several joint motions to continue the hearing on the motion to compel arbitration, Plaintiffs filed an opposition to the motion, and the Individual Defendants filed a reply. (Docs. 27, 28.)

## II.

## DISCUSSION

Plaintiffs do not dispute the existence of arbitration agreements or that the claims at issue are subject to arbitration pursuant to the agreements. Rather, Plaintiffs argue the Individual Defendants waived their right to compel arbitration. The Individual Defendants argue the issue of waiver is itself properly to be decided by the arbitrator and, regardless, they did not waive their right to compel arbitration of the claims against them.

Plaintiffs claim former counsel for SMS, Alicia Dearn, indicated to them in emails prior to the commencement of this litigation that all Defendants agreed to waive their right to compel arbitration. The Individual Defendants, however, submitted declarations stating they were not represented by Ms. Dearn and never authorized her to waive their right to arbitrate the claims against them. (Pousti Decl.

at ¶ 7; K. Smith Decl. at ¶ 6; Taylor Decl. at ¶ 4; Pedersen Decl. at ¶ 4.)[1]  In an email exchange between Ms. Dearn and Plaintiffs' counsel, Plaintiffs' counsel indicated that their prepared demand for arbitration included claims against certain directors and officers of SMS, whom he assumed Ms. Dearn also represented. (Liu Decl. Ex. C at 2.)  Ms. Dearn responded by stating her client was SMS and she could not say whether she would also represent the individuals. (*Id.* at 1.)  In a subsequent email exchange, Ms. Dearn stated, "[s]ince you are insisting on involving all these individuals, it is taking some time for me to advise them all, allow them time to seek second opinions, and agree to conflict waivers and my proposed courses of action.  So, I cannot yet guarantee that none of your threatened respondents will seek arbitration if you file in court.  I can tell you that SMS.ac, Inc. will not.  When I get the official word from everyone, you will hear it." (Liu Decl. Ex. D at 1.)  Four days later, Ms. Dearn wrote in an email to Plaintiffs' counsel, "I can also confirm that everyone agrees that they will waive arbitration." (*Id.*)

As an initial matter, the Individual Defendants argue questions of waiver, laches, and estoppel are presumptively for the arbitrator to decide. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).  However, *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008), is more applicable to the case at hand.  In *Cox*, the Court distinguished the holding in *Howsam* and held that the issue of whether parties are bound by an arbitration clause or agreement is properly decided by a court, as opposed to an arbitrator. *Cox*, 533 F.3d at 1119-21.  Where a party opposing a motion to compel arbitration raises waiver as a defense to such motion, as is the case here, the issue of waiver of the right to arbitrate is a question properly determined by the court. *Id.*  The Court therefore addresses Plaintiffs' claim that the Individual Defendants have waived their right to arbitration.

A party seeking to prove waiver must demonstrate (1) knowledge of an existing right to arbitrate, (2) acts inconsistent with that existing right, and (3) prejudice to the party opposing arbitration resulting from the inconsistent acts. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412

---

[1] Although the Declaration submitted by Defendant Brandie Williams Smith similarly states she never retained Ms. Dearn on an individual basis and did not authorize Ms. Dearn to waive any right to arbitrate a dispute with Plaintiffs, the Declaration is unsigned.

(9th Cir. 1990); *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).[2] Plaintiffs argue the Individual Defendants had knowledge of their right to arbitrate when Plaintiffs sent a draft demand for arbitration listing SMS and each of the Individual Defendants as respondents to Ms. Dearn on June 3, 2010 (Liu Decl. Ex. C at 1, 10), or, at a minimum, when Ms. Dearn sent an email to Plaintiffs indicating she was advising each of the Individual Defendants and allowing them time to seek second opinions (Liu Decl. Ex. D at 1).  Plaintiffs further argue the Individual Defendants undertook an act inconsistent with their right to compel arbitration when Ms. Dearn confirmed "everyone agrees that they will waive arbitration" on June 15, 2010. (*Id.*) Plaintiffs argue they relied upon counsel's representation that each of the Defendants waived its right to invoke arbitration in filing their Complaint in Superior Court and will be prejudiced as a result of the Individual Defendants' delay in seeking to arbitrate the claims.

The Court assumes, without deciding, that Plaintiffs have demonstrated the Individual Defendants had knowledge of their existing right to arbitrate the claims against them.  However, even so, Plaintiffs have not sufficiently demonstrated that the Individual Defendants took actions inconsistent with their right to arbitrate the claims to warrant a finding of waiver.  Although Plaintiffs may have been under the impression that the Individual Defendants had waived their right to arbitration, there is no evidence before the Court indicating that Ms. Dearn had authority to waive the Individual Defendants' right to arbitration.  Rather, Ms. Dearn had previously affirmatively represented to Plaintiffs that she represented only SMS.  The Individual Defendants also submitted declarations stating they were never represented by Ms. Dearn and did not authorize her to waive their right to arbitration on their behalf.  Plaintiffs have therefore failed to sufficiently demonstrate waiver of the Individual Defendants' right to arbitrate.  As Plaintiffs concede the existence of the arbitration agreements and the applicability of the agreements to the claims at issue, the Court grants the Individual Defendants' motion to compel arbitration.

---

[2] In determining waiver under California law, a court may also consider the stage of the litigation, whether there was delay before seeking a stay or the request for arbitration was filed close to the trial date, whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings, and whether important steps, such as judicial discovery, have taken place.  *See Cox*, 533 F.3d at 1124 (quoting *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal.4th 1187 (2003)). As consideration of these factors does not alter the Court's decision, they are not addressed herein.

The Individual Defendants also request the Court to issue an order staying all further proceedings in this action pending completion of arbitration as to the claims against the Individual Defendants. Plaintiffs request, if the Court grants the motion to compel arbitration, that it also compel the claims against Defendant SMS to be arbitrated, so as to avoid requiring Plaintiffs to proceed in two separate forums and the risk of inconsistent judgments. In light of Plaintiffs' request, the Court defers ruling on the Individual Defendants' request for a stay of the action until the earlier of (1) 45 days from the entry of this Order or (2) if Plaintiffs and SMS file a joint motion to arbitrate or Plaintiffs file a motion to compel arbitration of the claims against SMS within 45 days from the entry of this Order, the resolution of such motion by Order of the Court.

## III.
## CONCLUSION

For the foregoing reasons, the Individual Defendants' motion to compel arbitration of the claims against them is granted.

**IT IS SO ORDERED.**

DATED: June 8, 2011

_____
HON. DANA M. SABRAW
United States District Judge