# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROSE, et al.,<br><br>     Plaintiffs,<br>  vs.<br><br>SMS.AC, INC., et al.,<br><br>     Defendants. | CASE NO. 10CV2163 DMS (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND STAYING ACTION PENDING ARBITRATION** |

In this wages and hours, breach of contract and fraud action, Plaintiffs moved to compel arbitration against Defendant SMS.ac, Inc. ("SMS"). SMS opposed the motion and Plaintiffs replied. For the reasons which follow, the motion is **GRANTED**. This action is **STAYED** pending arbitration.

Plaintiffs are former SMS employees who brought this action asserting federal and state law claims for failure to pay wages, including minimum and overtime wages, failure to provide properly itemized wage statements, fraud, and breach of contract against SMS and its individual officers and directors ("Individual Defendants"). The action was filed in state court and was removed to this Court based on federal question jurisdiction. After removal, the Individual Defendants' moved to compel arbitration. Their motion was granted by order dated June 8, 2011. Unable to persuade SMS to arbitrate, Plaintiffs filed the pending motion to compel arbitration.

It is undisputed that the employment agreement between each Plaintiff and SMS contains an arbitration clause. SMS does not dispute that the claims asserted by Plaintiffs fall within its scope.

The issues presented by the parties' briefing are whether Plaintiffs waived their right to arbitrate or, alternatively, whether they should be estopped from enforcing their right.

On April 2, 2010, Plaintiffs gave Defendants a written demand for arbitration. (Pls' Exh. B at 4.) On May 27, 2010, defense counsel Alicia Dearn responded, "At this juncture, my client does not agree to arbitration and will not voluntarily submit to it." (*Id*. at 8-9.) Plaintiffs' counsel sought confirmation "that if [they] file in court, your clients (which I assume includes all the individuals) will NOT be seeking arbitration, and are expressly waiving the arbitration agreements with my clients. If you agree, we will certainly agree to file in court." (*Id*. at 7 (emphasis in original).) Ms. Dearn responded, "My client is SMS.ac. I cannot say whether I will also defend the individuals because I do not yet know whether they will have a conflict with the company. . . . It is not my intention to play a game by resisting arbitration only to demand it." (*Id*. at 6.) On June 11, 2010, she wrote to Plaintiffs' counsel, "Since you are insisting on involving all these individuals [as Defendants], it is taking me some time to advise them all, allow them time to seek second opinions, and agree to conflict waivers and my proposed courses of action. So, I cannot yet guarantee that none of your threatened respondents will seek arbitration if you file in court. I can tell you that SMS.ac, Inc. will not. When I get the official word from everyone, you will hear it." (*Id*. Exh. C.) Later she confirmed that "everyone agrees that they will waive arbitration." (*Id*.)

On August 24, 2010, Plaintiffs filed their complaint in state court, which Defendants removed to this Court. Individual Defendants then filed a motion to compel arbitration, which Plaintiffs opposed based on Ms. Dearn's representation that all Defendants agreed to waive arbitration. (*See* Order Granting Motion to Compel Arbitration of Claims Against Defendants Michael Pousti, Brandie Smith, Ken Smith, Amy Taylor, and Brianne Pedersen, filed Jun. 8, 2011 ("Order") at 2.) The motion was granted largely because Individual Defendants filed declarations stating that they were not represented by Ms. Dearn and never authorized her to waive arbitration on their behalf. (*Id*. at 4.)

On June 13, 2011, shortly after the Individual Defendants' motion to compel arbitration was granted, Plaintiffs renewed their arbitration demand against SMS. (Pls' Exh. B at 1.) SMS refused, arguing that Plaintiffs had waived their right, but indicated that it would be willing to arbitrate if the

1  claims against Individual Defendants were dismissed, because those claims, especially insofar as
2  asserted against Ken Smith, Brieanne Pedersen and Any Taylor, were weak. (*Id*. Exh. D at 4 & 1.)
3      On July 22, 2011, Plaintiffs filed this pending motion to compel arbitration against SMS. On
4  August 19, 2011, they also agreed to dismiss the claims against Mr. Smith, Ms. Pedersen and Ms.
5  Taylor. SMS opposes the motion on the grounds that Plaintiffs waived their right to arbitration when
6  they stated in their discussions with Ms. Dearn, "If you agree [to waive arbitration], we will certainly
7  agree to file in court." (Pls' Exh. B at 7.) In the alternative, SMS contends Plaintiffs should be
8  equitably estopped from compelling arbitration.
9      SMS' challenges to the enforcement of the arbitration clause on the grounds of waiver and
10 estoppel are governed by state law. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1121 (9th Cir.
11 2008). In this case, California law controls. (*See* Arbitration Agreement ¶ 3.3; Compl. at 1, 6.)
12      To determine whether Plaintiffs waived their right to compel arbitration,

> a court can consider (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

18 *Cox*, 533 F.3d at 1124, quoting *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal.4th 1187 (2003).
19 "[A]ny examination of whether the right to compel arbitration has been waived must be conducted in
20 light of the strong federal policy favoring enforcement of arbitration agreements." *Id*. at 1125.
21     Because "waiver focuses on the actions of the party charged with waiver," *Cox*, 533 F.3d at
22 1125, the Court's analysis focuses on Plaintiff's conduct. The extensive exchange between Plaintiffs'
23 counsel and Ms. Dearn does not support the conclusion that Plaintiffs' actions were inconsistent with
24 the right to arbitrate. Instead, it shows SMS was not willing to arbitrate but Plaintiffs were willing
25 to pursue their claims either through arbitration or litigation, as long as they would be able to pursue
26 all of their claims in one forum. They filed in court based on Ms. Dearn's representation that all
27 Defendants agreed to litigate rather than arbitrate. Although it now appears that Ms. Dearn had no
28 authority to make this representation on behalf of the Individual Defendants, based on the record

before the Court, Plaintiffs had no reason to question her authority at the time. Furthermore, the issue of various parties' right to arbitrate this dispute was raised at the outset of this litigation. No other substantive motions have been filed, and neither side has substantially invoked the "litigation machinery" for any other purpose. With respect to the final factor, which focuses on prejudice to the opposing party from delay, SMS has not presented any evidence or persuasive argument that it has been prejudiced by any delay. Its argument that Plaintiffs "extracted" an agreement from it to forego arbitration is contradicted by the evidence, which shows that SMS was not willing to arbitrate in any event. Based on the foregoing and "in light of the strong federal policy favoring enforcement of arbitration agreements," *Cox*, 533 F.3d at 1125, SMS's waiver argument is rejected.

SMS also contends that Plaintiffs should be equitably estopped from enforcing their right to arbitrate. "The doctrine of equitable estoppel is founded on concepts of equity and fair dealing. It provides that a person may not deny the existence of a state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment." *Aerojet-Gen. Corp. v. Comm. Union Ins. Co.*, 155 Cal. App. 4th 132, 147 (2007)

> In order to apply the doctrine, "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury."

*Cox*, 533 F.3d at 1123 (brackets in original), quoting *Aerojet-Gen. Corp.*, 155 Cal. App. 4th at 147.

As noted above, Plaintiffs were not appraised of the fact that Ms. Dearn did not represent Individual Defendants and had no authority to represent on their behalf that they had agreed to waive arbitration. It is undisputed, however, that Ms. Dearn was counsel for SMS. In this regard, SMS is bound by her actions and representations. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 396 (1993), quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 635-36 (1962). Because the waiver representations were made by its own counsel, SMS cannot argue that it had to rely on Plaintiffs' allegedly misleading conduct. To the extent SMS argues it did not know Plaintiffs would move to compel arbitration, this does not support estoppel, because at the relevant time Plaintiffs did not intend to move to compel arbitration, but were willing to litigate based on Ms. Dearn's representation that all Defendants had agreed to it. Finally, SMS has not provided any

1 | evidence or persuasive argument that it has been prejudiced. Its argument that Plaintiffs should be
2 | estopped from enforcing their right to arbitrate is therefore rejected.
3 |     Based on the foregoing, Plaintiffs' motion to compel SMS to arbitrate is **GRANTED**.
4 | Regardless of the outcome of Plaintiffs' motion, both sides requested a stay. Accordingly, this action
5 | is **STAYED** pending arbitration. The Clerk is directed to administratively close the case.
6 |     **IT IS SO ORDERED.**
7 |
8 | DATED: August 30, 2011
9 |
10 |     HON. DANA M. SABRAW
    United States District Judge